UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHERINE M. McKIBBEN,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:13-CV-1560 (JCH) |
| v. | |
| ODD FELLOWS HEALTH, INC.,<br>    Defendant. | OCTOBER 1, 2014 |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 46)**

On October 25, 2013, plaintiff Katherine M. McKibben, pro se, filed the present action against defendant Odd Fellows Health, Inc. ("Odd Fellows"). See Complaint (Doc. No. 1). The Complaint purported to plead claims arising under both state and federal law, including Title VII employment discrimination claims. See id. The court dismissed all of McKibben's purported federal-law counts upon a Motion to Dismiss (Doc. No. 22) by Odd Fellows because the Complaint failed to state any federal-law claim, see Fed. R. Civ. P. 12(b)(6), and sua sponte dismissed the rest of the claims for lack of subject-matter jurisdiction, see Ruling re: Defendant's Motion to Dismiss (Doc. No. 22) ("First Dismissal Ruling") (Doc. No. 44); Fed. R. Civ. P. 12(b)(1). The court granted McKibben leave to replead. See First MTD Ruling; Fed. R. Civ. P. 15(a)(2).

Now, McKibben has filed an Amended Complaint (Doc. No. 45). However, this pleading does not purport to state any federal claims. Nor does McKibben assert in the Amended Complaint or elsewhere—and the court does not discern—any way that it can assert jurisdiction over this case.

Unlike state courts, federal courts have limited power to hear cases. See

1

Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 254 (2010).  On a motion to dismiss for lack of jurisdiction, the party asserting jurisdiction bears the burden of establishing that the court has the power to adjudicate the case.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Although pro se pleadings are to be construed "liberally," pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quotation marks omitted).

Here, neither in the Amended Complaint nor any other filing does the court find any basis for concluding that it has jurisdiction.  Because the plaintiff has failed to establish that jurisdiction lies in the federal courts, this court is obliged to dismiss the Complaint.

The court wishes to be clear to McKibben that this Ruling does not decide the merits of her case and does not prevent her from pursuing her claims in state court.

Odd Fellows' Second Motion to Dismiss (Doc. No. 46) is **GRANTED**.  Those claims that the court dismissed with prejudice in the First Dismissal Ruling remain so dismissed.  All other claims are **DISMISSED WITHOUT PREJUDICE** for the plaintiff to plead them in another court.  The plaintiff is **DENIED LEAVE TO REPLEAD** in this court. The Clerk is directed to close the case.

**SO ORDERED.**

Dated this 1st day of October 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge